IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENYATA ROSS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-cv-00905-E |
| TEXAS INSTRUMENTS, | § § § | |
| Defendant. | § § | |

### DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Texas Instruments Incorporated ("Texas Instruments") files its Brief in Support of its Motion for Summary Judgment, as follows:

#### I. SUMMARY

Plaintiff Kenyata Ross ("Plaintiff") has sued Texas Instruments, her former employer, for "retaliation, racial and sexual discrimination, and sexual harassment in the workplace," in purported violation of "federal law." Texas Instruments does not seek summary judgment on the elements of these causes of action, but rather because the summary judgment evidence conclusively establishes every element of its affirmative defenses of release and waiver.

To prevail on the affirmative defense of "release" of federal workplace discrimination claims, Texas Instruments must prove four elements: (1) the Release Agreement (defined below) addresses the claims at issue, (2) Plaintiff signed the Release Agreement, (3) Plaintiff received adequate consideration, and (4) Plaintiff breached the Release Agreement. Texas Instruments has established all four elements, and the Court should grant summary judgment in Texas Instruments' favor on all claims.

DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT– Page 1

## II.   SUMMARY JUDGMENT EVIDENCE

Texas Instruments relies on the following record evidence in support of the Motion, all of which is included in Texas Instruments' Appendix of Exhibits to its Brief in Support of Defendant's Motion for Summary Judgment ("Appendix"), filed separately pursuant to Local Rule 56.6. The Appendix contains the following evidence that is incorporated by reference herein. Citations to the appropriate page(s) of the Appendix are indicated as "App." below, including the beginning and ending page numbers. For context, a description of the cited evidence is also provided.

| Exhibit | Description | App. Pages |
|---|---|---|
| A | Declaration of Wendy Smith | 1-4 |
| A-1 | Signed Separation and General Release Agreement Between Kenyata Ross (Employee# 0499437) and Texas Instruments Incorporated | 5-12 |
| A-2 | Email from Wendy Smith to Kenyata Ross forwarding blank Release Agreement (February 2, 2023) | 13-32 |
| A-3 | Email from Kenyata Ross to Wendy Smith forwarding signed Release Agreement (February 9, 2023) | 33-41 |
| A-4 | Texas Instruments' Payslips (January 30, 2023 - April 23, 2023) | 42-56 |
| B | EEOC Records Attestation Letter | 57-58 |
| B-1 | EEOC Records Produced | 59-115 |

## III.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On May 12, 2022, Plaintiff became an employee of Texas Instruments. [App. 3.][1] On February 2, 2023, Wendy Smith, HR Business Partner, emailed Plaintiff the Separation and

---

[1] Exhibit A, Declaration of Wendy Smith, ¶ 4.

General Release Agreement Between Kenyata Ross (Employee# 0499437) and Texas Instruments Incorporated ("Release Agreement"), which was an offer to separate from employment with severance pay and benefits in exchange for Plaintiff's general release of any and all claims against Texas Instruments. [App. 14-32.][2] On February 7, 2023, Plaintiff discussed with Smith a few questions she had about profit sharing benefits, and Plaintiff was aware of the deadline to respond to the offer. [App. 3.][3] On February 9, 2023, Plaintiff signed and returned the Release Agreement. [App. 3, 6-12, 33-41.][4]

Pursuant to the terms of the Release Agreement, Texas Instruments placed Plaintiff on a paid leave of absence from February 10, 2023 until April 10, 2023. [App. 6.][5] During the paid leave of absence, Plaintiff was paid $5,775.84 despite performing no work. [App. 3; 42-56.][6] When the paid leave of absence ended, Texas Instruments paid Plaintiff an additional $5,225.76 in a lump sum. [App. 4, 51.][7] The total amount of severance Texas Instruments paid to Plaintiff under the Release Agreement was $11,001.60, equal to sixteen (16) weeks of pay.[8] Plaintiff's employment terminated under the Release Agreement on April 10, 2023. [App. 3, 4, 8.][9]

The Release Agreement signed by Plaintiff contains a general release of "any claims of any nature, whether now known or hereafter becoming known, that are based on fact occurring at any time before or at the time [Plaintiff] signed" the Release Agreement, including "any claims

---

[2] Exhibit A-2, Email from Wendy Smith to Plaintiff (February 2, 2023).
[3] Exhibit A, Declaration of Wendy Smith, ¶ 6.
[4] Exhibit A Declaration of Wendy Smith, ¶ 7; Exhibit A-1, Separation and General Release Agreement Between Kenyata Ross (Employee# 0499437) and Texas Instruments Incorporated; Exhibit A-3, Email from Plaintiff to Wendy Smith (February 9, 2023)
[5] Exhibit A-1, Separation and General Release Agreement Between Kenyata Ross (Employee# 0499437) and Texas Instruments Incorporated, ¶ 3.
[6] Exhibit A, Declaration of Wendy Smith, ¶ 8; Exhibit A-4, Payslips.
[7] Exhibit A, Declaration of Wendy Smith, ¶ 9; Exhibit A-4, Payslips.
[8] Exhibit A, Declaration of Wendy Smith, ¶ 9; Exhibit A-1, Release Agreement, ¶ 3.
[9] Exhibit A-1, Release Agreement, ¶ 9; Exhibit A, Declaration of Wendy Smith, ¶¶ 4, 10.

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S**
**BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT– Page 3**

for a violation of any federal, state or local law, ruling, or regulation; any claims for severance or termination payments; and any claims related to [her] employment or termination from employment with [Texas Instruments], including, without limitation, claims of discrimination on the basis of any protected class or retaliation." [App. 8.][10] Paragraph 11 of the Release Agreement specifically acknowledges that Plaintiff "voluntarily and knowingly release[d]" Texas Instruments from these claims. [App. 8.][11]

On or about July 27, 2023, as part of its pre-charge intake process, the U.S. Equal Employment Opportunity Commission ("EEOC") interviewed Plaintiff regarding her allegations. [App. 108-110.][12] When speaking with the EEOC, Plaintiff admitted that she accepted the Release Agreement and accepted $4,000 as severance. [App. 108.][13] In relevant part, the EEOC Interview Notes ("Notes") state "CP [*i.e.*, Plaintiff] states she was offered a severance" and "CP was offered $4,000 as a severance. **CP accepted the agreement**." [App. 108.][14] In addition, the Notes state "CP was terminated on 2/7/2023 **after she accepted settlement agreement for $4000**." [App. 108.][15]

On or about August 1, 2023, a few days after admitting to the EEOC that she accepted the Release Agreement, Plaintiff filed a Charge of Discrimination with the EEOC. [App. 69-72.][16] Despite the Release Agreement, Plaintiff then filed this lawsuit on March 1, 2024, in the 298th District Court of Dallas County, Texas. (Doc. 1-1 at 8-12 (Petition)). Texas Instruments filed its Answer and asserted the affirmative defenses of release and waiver based on the Release

---

[10] Exhibit A-1, Release Agreement, ¶ 11.
[11] *Id.*
[12] Exhibit B, Attestation of Records; Exhibit B-1, EEOC Interview Notes (July 27, 2023).
[13] *See* Exhibit B-1, Interview Notes [App. 108-109].
[14] *Id.* (emphasis added).
[15] *Id.* (emphasis added).
[16] Exhibit B-1, Charge [App. 69-72].

Agreement. (Doc. 1-1 at 19-24 (Answer)). Texas Instruments timely removed Plaintiff's lawsuit to this Court. (Doc. 1). Plaintiff did not move to remand.

Because of the nature of its defenses of release and waiver, Texas Instruments now moves for summary judgment on Plaintiff's claims, all of which are related to her employment or termination of employment with Texas Instruments.

## IV. LEGAL STANDARDS

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.* at 248. The mere *existence* of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## V. ARGUMENT AND AUTHORITIES

Plaintiff alleges claims of "retaliation, racial and sexual discrimination and sexual harassment in the workplace" by employees and representatives of Texas Instruments (Doc. 1-1 at 8-9). She seeks relief under federal law. (*Id.* at 10). In support of her claims, Plaintiff alleges that she "was wrongfully terminated by defendant based on false accusations by Danielle McKinney." (*Id.* at 9). As one element of her alleged damages, Plaintiff contends that she is entitled to lost wages. (*Id.* at 10). Because Plaintiff signed the Release Agreement knowingly and voluntarily, there is no genuine issue of material fact that Plaintiff's claims regarding her employment and termination of employment have been waived and released.

"Public policy favors voluntary settlement of claims and enforcement of releases." *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir.1994). A party may validly waive claims that exist on the day she signs a release. *See Rogers v. General Elec. Co.*, 781 F.2d 452, 454 (5th Cir.1986). A release waiving rights arising under Title VII must be knowing and voluntary. *See id.*; *Vidrine v. Guillot*, No. 21-30203, 2022 WL 3544396, at *2 (5th Cir. Aug. 18, 2022).

To enforce the release of claims contained in the Release Agreement against Plaintiff, Texas Instruments must prove four elements: (1) the Release Agreement addresses the claims at issue, (2) Plaintiff signed the Release Agreement, (3) Plaintiff received adequate consideration, and (4) Plaintiff breached the Release Agreement. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002) (citing *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994)). Texas Instruments has done so.

***First***, the Release Agreement encompasses Plaintiff's claims regarding her employment and termination, stating:

> 11. <u>Waiver and Release of Claims.</u> In consideration for TI's obligations set forth in this Agreement, you hereby voluntarily and knowingly release TI and its subsidiaries, affiliates, successors, assigns, and its and their former or current shareholders, officers, directors, employees, agents, attorneys and representatives (the "TI Released Parties") from any claims of any nature, whether now known or hereafter becoming known, that are based on facts occurring at any time before or at the time you sign this Agreement, including, without limitation: any claims for a violation of any federal, state, or local law, ruling, or regulation; any claims for severance or termination payments; and any claims related to your employment or termination from employment with TI, including, without limitation, claims of discrimination on the basis of any protected class or retaliation. You agree that you will not accept any damages that might be obtained on your behalf, including in any class or collective action, for any claim released in this Agreement. You hereby waive and release any claims for disability benefits under the Disability Plan that were not filed prior to your Job Release Date. You hereby acknowledge and understand that this is a general release, which means that by signing this Agreement, you are waiving and giving up all claims you may have against the TI Released Parties, except as provided in the paragraph below.

Accordingly, pursuant to its terms, upon signing the Release Agreement, Plaintiff "***voluntarily and knowingly*** release[d] TI [Texas Instruments] and its subsidiaries, affiliates, successors, assigns, and its and their former or current shareholders, officers, directors, employees, agents, attorneys and representatives" "from any claims of any nature, whether now known or hereafter becoming known, that are based on facts occurring at any time before or at the time" Plaintiff signed the Release Agreement. [App. 8.][17] Plaintiff's claims in this case relate to alleged discrimination and retaliation "in the workplace" and to the termination of her employment, so the claims were expressly waived and released when she signed the Release Agreement on February 9, 2023. (*See* Doc. 1-1 at 8-9).[18] Accordingly, all of Plaintiff's claims have been waived and released voluntarily and knowingly.

***Second***, Plaintiff signed the Release Agreement. Texas Instruments emailed the Release Agreement to Plaintiff on February 2, 2023, and Plaintiff had seven days to decide whether to accept or decline the terms of the Release Agreement. [App. 3, 6.][19] Plaintiff signed the Release Agreement on February 9, 2023. [App. 3, 12.][20] Further, the Release Agreement states that Plaintiff acknowledged she had an opportunity to review the agreement in private, she was advised to consult with a lawyer, she read and understood the Release Agreement, and she voluntarily agreed to the terms:

---

[17] Exhibit A-1, Release Agreement, ¶ 11.
[18] Of course, the release is even broader than that, and covers "***any claims of any nature***" Plaintiff had at the time she signed the Release Agreement, but the fact that employment-related claims are expressly called out in the Release Agreement further demonstrates that Plaintiff knew what she was giving up when she accepted the severance.
[19] Exhibit A, Declaration of Wendy Smith, ¶ 5; Exhibit A-1, Release Agreement, ¶ 1.
[20] Exhibit A, Declaration of Wendy Smith, ¶ 7; Exhibit A-1, Release Agreement, page 7.

**DEFENDANT TEXAS INSTRUMENTS INCORPORATED'S**
**BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT– Page 7**

> 23. <u>Acknowledgments and Advice to Consult with Lawyer.</u> You acknowledge that you have been given the opportunity to take this Agreement with you and review it in private. TI hereby advises you to consult with a lawyer prior to signing this Agreement to receive information regarding the effect of signing this Agreement and the release contained within it. You acknowledge that you have read and understand this Agreement, and that you voluntarily agree to its terms.

[App. 10.][21]

***Third***, Texas Instruments paid Plaintiff a total of $11,001.60, equal to sixteen weeks of pay, in exchange for her signature on the Release Agreement. [App. 3-4, 42-56.][22] Therefore, Plaintiff received adequate consideration. *See Pride v. O'Rourke*, No. 2:19-CV-234-Z, 2021 WL 2689323, at *4 (N.D. Tex. June 30, 2021) (finding that $3500 was adequate consideration and granting summary judgment); *Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 3-09-CV-2469-BD, 2010 WL 2899117, at *2 (N.D. Tex. July 22, 2010), *aff'd*, 426 F. App'x 306 (5th Cir. 2011) (finding that approximately $30,000 was adequate consideration and granting summary judgment).

***Fourth***, because the Release Agreement contained a general release of any and all of Plaintiff's claims against Texas Instruments, including her claims in this lawsuit, Plaintiff breached the Release Agreement by filing this lawsuit. *See Crow v. Am. Messaging Serv., L.L.C.*, No. 4:19-CV-00600-SDJ-CAN, 2020 WL 648420, at *9 (E.D. Tex. June 26, 2020) (fourth element simply inquires whether "pursuit of this lawsuit would constitute a breach of the release"). Therefore, Texas Instruments has met its burden under *Smith* and its progeny to establish that Plaintiff has waived and released the claims she has asserted against Texas Instruments in this lawsuit. *See Crow*, 2020 WL 6482420, at *10-11 (granting summary judgment on Title VII claims where defendant established that plaintiff signed a release

---

[21] Exhibit A-1, Release Agreement, ¶ 23.

[22] Exhibit A, Declaration of Wendy Smith, ¶ 8-9; Exhibit A-4, Payslips.

covering the claims); *Preston v. Pegasus Sols., Inc.*, No. 3:04-CV-1924-P, 2006 WL 757960, at *3 (N.D. Tex. Mar. 23, 2006) (same).

Moreover, Plaintiff admitted that she accepted the Release Agreement and accepted a severance payment when interviewed by the EEOC. [App. 108.][23] There is no genuine issue of material fact that Plaintiff agreed to the Release Agreement and accepted the payments made to her under the terms of the Release Agreement. Accordingly, the Court should grant summary judgment in Texas Instruments' favor on all of Plaintiff's claims.

## VI. CONCLUSION AND PRAYER

For the reasons explained herein, Defendant Texas Instruments Incorporated has established every element of its affirmative defenses of release and waiver. Texas Instruments respectfully requests that the Court grant the Motion; enter a take-nothing judgment for Texas Instruments and against Plaintiff on each of her claims, causes of action, and requests for relief, dismissing the same with prejudice; tax costs against Plaintiff; and grant all other relief, general or special, at law or in equity, to which Texas Instruments may be justly entitled.

---

[23] *See* Exhibit B-1, Interview Notes.

Respectfully submitted,

*/s/ John Barcus*
John Barcus
Texas Bar No. 24036185
john.barcus@ogletree.com
Jennifer Smiley
Texas Bar No. 24082004
jennifer.smiley@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT TEXAS INSTRUMENTS INCORPORATED**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via U.S. mail and via the Court's ECF system on July 17, 2024:

Kenyata Ross
220 Stoneport Dr #10107
Dallas, Texas 75217
Kenyataross@gmail.com

*/s/ John Barcus*
John Barcus